IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JULIUS REEVES, a/k/a Jah' Gambia Omara al-Shakur, : | |
| Plaintiff, : | |
| vs. : | CIVIL ACTION 15-482-CG-N |
| WALTER MYERS, *et al.*, : | |
| Defendants. : | |

### REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). It is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because plaintiff's action is malicious.

**I. Posture of Action.**

Plaintiff's action comes before the Court for screening pursuant 28 U.S.C. § 1915(e)(2)(B) due to plaintiff having filed a motion to proceed without prepayment of fees. (Doc. 2). This section provides for the dismissal of an action that is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff used the Court's § 1983 complaint form to commence this action. (Doc. 1). Plaintiff responded "no" to the complaint form's question inquiring whether he had filed a lawsuit in state or federal court dealing with the same or similar facts or relating to his imprisonment. (Doc. 1 at 3). But he responded "yes" to the Court's question

inquiring about whether he had filed other lawsuits in state or federal court related to his imprisonment, and he listed a prior action in this Court against defendant James Smith, which was dismissed for failure to pay the filing fee. (*Id.*). Plaintiff then signed his complaint under penalty of perjury stating that the facts in his complaint were true and correct. (*Id.* at 7).

## II. ANALYSIS.

### A. Legal Standards.

An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint form under penalty of perjury, as such a complaint "constitutes abuse of the judicial process warranting dismissal of the case without prejudice." *Thompson v. Quinn*, No. 3:11cv533/RV/EMT, 2012 WL 6761569, at *1 (N.D. Fla. Dec. 4, 2012) (unpublished) (collecting cases), *adopted*, 2013 WL 45259 (N.D. Fla. Jan. 2, 2013); *see Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (upholding counting as a strike under § 1915(g) an action that was dismissed for an abuse of legal process when the inmate lied under penalty of perjury about a prior lawsuit), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form);[1] *Harris v. Warden*, 498 F. App'x

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

962, 964 (11th Cir. 2012) (unpublished) (dismissing without prejudice an action for abuse of process when the inmate failed to disclose his litigation history in his original and amended complaints even though the form complaint described the type of cases he was bound to disclose); *Jackson v. Florida Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (unpublished) (affirming the dismissal without prejudice of inmate's action as malicious because he abused the judicial process when under penalty of perjury he represented in his complaint that he had no action dismissed prior to service process, whereas he had two, one of which was contained in the complaint but not in the section inquiring about such cases), *cert. denied*, 133 S.Ct. 2050 (2013); *Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (unpublished) (affirming the dismissal without prejudice of the inmate's action signed under penalty of perjury which was found to be abusive when he did not disclose a lawsuit that he filed when the complaint form asked for disclosure of all lawsuits relating to his imprisonment or conditions of imprisonment, regardless of his response that he did not understand the form); *Shelton v. Rohrs*, 406 F. App'x 340, 340 (11th Cir. 2010) (unpublished) (affirming the dismissal without prejudice of the inmate's complaint under § 1915(e)(2)(B)(i) for an abuse of process after he checked "no" to the complaint form's question asking if he had filed other actions in state or federal court because the case management system reflected he had filed four actions and he would have known that he had filed multiple actions, thereby rejecting his argument that he did not remember filing any civil actions and his records were inaccessible); *Young v. Secretary Fla. Dep't of Corrs.*, 380 F. App'x 939, 940 (11th Cir. 2010) (unpublished) (affirming the *sua sponte* dismissal of the inmate's action pursuant § 1915(e)(2)(B)(i) for an abuse of process when he did not

disclose his prior lawsuits despite his argument that he lacked access to the documents due to the "excess legal material" rule); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (affirming the dismissal of an inmate's § 1983 action for an abuse of process because he responded with "no" to the complaint form's question asking whether he had brought any other lawsuits dealing with facts other than those in his action because he had in fact brought other lawsuits and the question was not ambiguous; "the district court was correct to conclude that to allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process").

Furthermore, when a court dismisses without prejudice an action that it finds malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished); *see Schmidt*, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action as malicious, based on plaintiff's failure to advise of prior lawsuits as required by the complaint form, because the complaint could be re-filed as the statute of limitations had not expired).

    **B. Application of Law to Facts.**

In the present complaint, plaintiff indicated that he previously filed one other lawsuit in federal court that related to his imprisonment. (Doc. 1 at 3). Through PACER (Public Access to Court Electronic Records), the Court identified the lawsuit as *Reeves v. Smith*, CA 13-0171-CG-B (S.D. Ala. July, 6, 2012), which was dismissed for failure to pay the partial filing fee. In addition, PACER reflected that plaintiff had filed

more than the one noted prior action, namely, *Shakur v. Johnson*, CA 11-0220-KD-M (S.D. Ala. Sept. 9, 2011) (failure to pay the partial filing fee), and *Reeves v. Keith*, CA 98-1253-AH-C (S.D. Ala. Sept. 9, 1999) (dismissed because the claims were frivolous or failed to state a claim). Plaintiff had also filed habeas actions, *Reeves v. Bullock*, 02-1249-PWG (N.D. Ala. June 25, 2002) (transferring case to Southern District), *Reeves v. Bullard*, 02-0495-BH-C (S.D. Ala. Dec. 5, 2002), and *Reeves v. Dunn*, CA 15-0288-WS-M (S.D. Ala. Aug. 4, 2015).

In *Rivera, supra*, the Eleventh Circuit affirmed the district court's dismissal of the prisoner's action without prejudice as a sanction for "abus[ing] the judicial process" when he lied under penalty of perjury about the existence of a prior lawsuit, and the district court's treatment of the dismissal as a strike. 144 F.3d at 731. In its affirmance, the Eleventh Circuit reasoned that "[a]lthough the district court may not have uttered the words 'frivolous' or 'malicious,' dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.* In the subsequent case of *Pinson v. Grimes*, 391 F. App'x 797 (11th Cir.) (unpublished), *cert. denied*, 131 S.Ct. 517 (2010), the Eleventh Circuit, relying on *Rivera*, affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month. *Id.* at 799.

When plaintiff filed the present action, he knowingly chose not to list his other previously filed actions. Nonetheless, plaintiff proceeded to sign the present complaint under penalty of perjury. (Doc. 1 at 7). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike

for § 1915(g) purposes. *Rivera, supra; Pinson, supra.* Inasmuch as plaintiff identifies July 25, 2015, as the date for the complained of incident,[2] the two-year statute of limitations for bringing a § 1983 claim in Alabama has not expired. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.), *cert. denied*, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l). Therefore, plaintiff may re-file this action if he so elects

### III.  CONCLUSION.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that this action be counted as a strike for the purpose of 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence

---

[2] Briefly, this is the date when plaintiff was skipped over for exercise, sprayed several times with Cross Fire Sabre Red chemical agent in his cell even though he is an asthmatic, and returned to his sprayed cell after having been taken to the infirmary where the spray was partially removed and he was given a clean uniform.

of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 19th day of May, 2016.

/s/ Katherine P. Nelson

**UNITED STATES MAGISTRATE JUDGE**